IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 JUN -3 AM 9:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| DAVID LARRY NELSON, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CASE NO. CV97-PT-0925-S |
| ) | CV90-PT-2653-S |
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Respondents ) | |

ENTERED
JUN 4 1997

## MEMORANDUM ORDER

Presently before this Court is the Petitioner's Ex Parte Motion for Appointment of Counsel, Determination of Rate of Compensation and Authorization of Interim Payments.

Previously, the Court determined that Petitioner was entitled to appointment of legal counsel pursuant to Title 21, U.S.C., Section 848(q)(4)(B).

Because of the complex, demanding and protracted nature of death penalty proceedings, the Court will appoint two attorneys to represent the Petitioner pursuant to Title 21, U.S.C., Section 848(q)(4)(B), and Paragraph 6.01(A) of the Guidelines for the Administration of the Criminal Justice Act. Michael McIntyre meets the requirements for appointed counsel set forth in Title 21, U.S.C., Section 848(q)(6) and has significant experience in death penalty cases at the trial and post-conviction levels. The Court therefore **APPOINTS** Mr. McIntyre as lead counsel for the Petitioner. Mr. McIntyre has requested that the Court appoint Mr. Shannon Weathers as an additional attorney for the Petitioner. Mr. Weathers has previously assisted Mr. McIntyre and other counsel of record in

13

death penalty litigation in federal habeas corpus cases in district court and in the United States Court of Appeals for the Eleventh Circuit. He has also assisted in pretrial proceedings in capital cases in state court. Accordingly, Mr. Weathers meets the qualifications of Title 21, U.S.C., Section 848(q)(7) and Paragraph 6.01(C)(3) of the Guidelines for the Administration of the Criminal Justice Act. The Court therefore **APPOINTS** Mr. Weathers as additional counsel for the Petitioner.

Because of the anticipated length of the proceedings in this case and the possible hardship for counsel in undertaking representation full-time for such a period without compensation, pursuant to paragraph 2.30 B of the <u>Guidelines for the Administration of the Criminal Justice Act</u>, the following procedures for interim payments shall apply during the course of the representation in this case:

1. **Submission of Vouchers**

Counsel shall submit to the Court once every month, an interim CJA Form 30, "Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel." Compensation earned and reimbursable expenses incurred for the month shall be claimed on an interim voucher submitted no later than the fifth day of the following month, or the first business day thereafter. The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from April 2, 1997, to May 30, 1997, and shall be submitted no later than June 5, 1997; thereafter, the vouchers shall be submitted each month according to the schedule outlined above. Counsel shall strike the pre-printed numbers on all but the first voucher therefor. Each voucher shall be numbered in series and include the time period each covers. Interim vouchers shall be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers shall be supported by detailed and itemized time and

expense statements. Chapter VI, as well as the applicable provisions of Chapter II, Part C of the <u>Guidelines for the Administration of the Criminal Justice Act</u>, outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

The Court will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation for the approved number of hours claimed and for all reimbursable expenses incurred.

At the conclusion of the representation, counsel shall submit a final voucher seeking payment for representation provided during the final interim period. The final voucher shall also set forth in detail the time and expenses claimed for the entire case, including all documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher.

2. **Reimbursable Expenses**

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $500.00 without prior approval of the Court. Such approval may be sought by filing an *ex parte* application with the Court stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation. An application seeking such approval may be filed *in camera*, if necessary. Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than $500.00 on one or more interim vouchers are not considered single expenses requiring Court approval.

3

With respect to travel to the State of Alabama for the purpose of consulting with the client or his former counsel, interviewing witnesses, etc., the $500.00 rule should be applied in the following manner. Travel expenses, such as air fare, mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $500.00, the travel should receive prior approval of the Court.

The following additional guidelines may be helpful to counsel:

a. Case-related travel by privately owned automobile should be claimed at the rate of 30 cents per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited.

b. Actual expenses incurred for meals and lodging while traveling outside of the State of Alabama in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of the federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the Clerk.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17, F.R.Cr.P., and 28 U.S.C. Section 1825.

d. Counsel McIntyre is authorized to be compensated in the amount of $125.00 per hour.

e. Counsel Weathers is authorized to be compensated in the amount of $75.00 per hour.

4

3.     **Further Questions or Guidance**

Answers to questions concerning appointment under the Criminal Justice Act can generally be found in (1) 18 U.S.C. Section 3006A; (2) the Plan of the United States District Court for the Northern District of Alabama, available through the clerk; and (3) Guidelines for the Administration of the Criminal Justice Act, published by the Administrative Office of the U.S. Courts, also available through the clerk. Should these references fail to provide the desired clarification or direction, counsel should address their inquiry directly to the Court or the Court's staff.

As to the foregoing, it is so **ORDERED** this 2nd day of June, 1997.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE